HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLARENDON AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

JAI THAI ENTERPRISES, LLC, et al.,

    Defendants.

CASE NO. C08-1565RAJ

ORDER

This matter comes before the court on the parties' stipulated motion (Dkt. # 27) to amend the trial date and other related dates, as well as their stipulation (Dkt. # 31) regarding insurance coverage.

In the coverage stipulation, the parties agree that Plaintiff's insurance policy provides no coverage to Jai Thai Enterprises, LLC or its owners for liability arising from the March 25, 2006 incident involving Defendants Aleksandr Vasilenko, Dennis Semcovs, Vicky Zhuk, and Lena Vasilenko. It would appear that the sole issue remaining in this case is whether Defendants can establish coverage by estoppel via their bad faith claim against Plaintiff.

Plaintiff's second motion for summary judgment (Dkt. # 28) is moot in light of the coverage stipulation, and the court directs the clerk to remove that motion from the court's calendar.

ORDER – 1

The parties' joint motion for a continuance is troubling to the court. As the court detailed in its order resolving Plaintiff's first summary judgment motion (Dkt. # 25), there is no obvious basis to continue trial in this matter, and all related dates, by six months. The court suggested that a continuance of two months or less would be appropriate. Nonetheless, the parties have again requested a six-month continuance.

The parties' reasons for a six-month continuance are not compelling. They contend that they could not pursue discovery until Defendants' bad faith claims were formally made part of this litigation via an amended complaint. But no one opposed Defendants' request for leave to amend, and so it seems unlikely that anyone would have objected had they begun discovery on the bad faith claims months ago. As the court noted, they have known about the bad faith claims since at least the beginning of this year. Waiting until June to commence discovery on them was the parties' choice. Equally unavailing is the parties' statement that they "did not want to incur the expense of retaining expert witnesses regarding the bad faith claim" until the court ruled on Plaintiff's first summary judgment motion and Defendants' motion to amend. Stip. (Mot. (Dkt. # 27) at 2. Again, the motion to amend was unopposed, and, as the court noted in its prior order, the issues raised in Plaintiff's first summary judgment motion had no bearing on whether Defendants could pursue bad faith claims. Indeed, the parties have now stipulated to the very relief that Plaintiff sought in the first summary motion (a declaration that Plaintiff's policy provides no coverage), and yet the bad faith claims remain.

The court grants a continuance in this matter only because it prefers to decide this matter on its merits, and the parties are apparently unprepared to do so in accordance with the current trial schedule. The court continues the trial date until January 19, 2010, and will grant no further continuances absent proof of extraordinary circumstances. The clerk will issue a new case management schedule in accordance with this order.

ORDER – 2

1 | As stated above, the court DENIES the parties' stipulated motion (Dkt. # 27) for a
2 | six-month continuance, continues the trial date to January 19, 2010, and directs the clerk
3 | to remove the pending summary judgment motion (Dkt. # 28) from the court's calendar.

IT IS SO ORDERED.

DATED this 10th day of July, 2009.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3